

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

**LETTER OPINION**

March 3, 2006

Willie E. Culver
53-55 Lincoln Place
Irvington, NJ 07111
*Pro Se*

John H. Schmidt, Jr.
Lindabury, McCormick & Estabrook
53 Cardinal Drive
P.O. Box 2369
Westfield, NJ 07091-2369
*Attorney for Defendants Agnes Kristen and*
*Kristen Distribution Company*

Patrick Papalia
Herten, Burstein, Sheridan, Cevasco,
Bottinelli, Litt & Harz, L.L.C
Court Plaza South
21 Main Street, Suite 353
Hackensack, NJ 07601
*Attorney for Defendant American Arbitration Association*

      Re:    **Culver v. Kristen, et al.,**
               **Civil Action No. 05-CV-4273 (WJM)**

Dear Litigants:

      This matter comes before the Court on Defendant Agnes Kristen and Kristen Distribution Company's (jointly "Kristen") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss *pro-se* Plaintiff Willie E. Culver's ("Culver") complaint in its entirety as to Kristen. Also before the Court is Defendant American Arbitration Association's ("AAA") 12(b)(6) motion to dismiss Plaintiff's complaint in its entirety as to AAA and seeking attorney's fees. Plaintiff opposes the motions. The Court adjudicates this matter on the papers. Fed. R. Civ. P. 78.

As the motions are related they will be considered together in this letter opinion.  For the reasons stated below, Defendant Kristen's motion is **GRANTED**, Defendant AAA's motion is **GRANTED** as to dismissal and **DENIED** as to attorney's fees, and Plaintiff's complaint is **DISMISSED** in its entirety.

**BACKGROUND**

Plaintiff was hired by Kristen on January 22, 1997 as a casual part-time employee.  On October 10, 2000, Plaintiff became a member of IBT Local 125  (the "Union")  thereby entitled to all the rights and protections accorded to employees covered by the collective bargaining agreement ("CBA") between the Union and Kristen Distributing Co. at which point he was entitled to a graduated pay scale which he completed on October 10, 2003.  Plaintiff claims that on certain dates he was denied his guaranteed lunch period under the CBA.  On January 22 and 23, 2004, Plaintiff received written notices from Kristen's General Manager indicating that he was not working in a cooperative way and had problems dealing with other employees.  Plaintiff filed grievances against Kristen pursuant to the procedures outlined in the CBA.  A request was made to the AAA for arbitration; and on June 22, 2004, Plaintiff, with union representation, and Kristen participated in an arbitration hearing before arbitrator Gerard G. Restaino to resolve whether Plaintiff was:  (1) entitled to payment for lunches not taken; (2) eligible for employer contributions to his pension plan; (3) entitled to back pay as a helper/regular employee.  In addition, the hearing also addressed whether Kristen had just cause to submit the January 22 and 23, 2004 written warnings, and if not, what remedy should be applied.

Arbitrator Restaino held in his July 19, 2004 Opinion and Award that he could find no support in the record or the CBA for Plaintiff's argument that he was entitled to be paid for the missed lunch periods.  Restaino also denied Plaintiff's claims for back pay and employer contributions based on evidence that Plaintiff was a casual, part-time employee, and was paid under the CBA terms and the graduated pay scale appropriate to Plaintiff's employment and union status.  Likewise, Restaino held that the clear terms of the CBA outlined that no pension fund contributions would be made on behalf of part-time, temporary/casual employees such as Plaintiff.  Finally, Restaino held that Kristen was justified and acted appropriately under the CBA in issuing the January 2004 written reprimands.

On August 16, 2004, Plaintiff wrote to Restaino and AAA District Vice President, Michael A. Marra, requesting an appeal of Restaino's July 19, 2004 arbitration decision; and on September 14, 2004 AAA Case Manager Specialist, Josephine S. Lefever replied by letter that Restaino had denied Plaintiff's request to re-open the arbitration, quoting Restaino as saying that the July 19, 2004 arbitration decision was final and binding based on the testimony and evidence in the record.

Plaintiff next filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") on April 26, 2005.  His Charge complained that Kristen's actions toward him regarding wages, lunch breaks, pension funding and discipline were racially motivated (Plaintiff is African American) and retaliatory in violation of Title VII of the Civil Rights Act of 1964.[1]  The Charge was supported solely by Plaintiff's conclusory opinions.  In a Dismissal

---

[1] 42 U.S.C.§ 2000e et. seq. (2003).  Plaintiff's EEOC Charge commented that the July 19, 2004 arbitration decision was biased, but the Charge was filed only against Kristen and the

and Notice of Rights mailed May 31, 2005, the EEOC responded that it was closing its file on Plaintiff's Charge because the Charge was untimely filed with EEOC; this notice also informed Plaintiff of his 90-day time-limit from receipt of the notice in which he might exercise any right to sue.

On August 31, 2005, Plaintiff filed his complaint *pro-se* against Kristen, Restaino and AAA. Plaintiff's complaint was a jumbled array of definitions, conclusory statements, questions and points of law. Construing the complaint broadly, Plaintiff appears to be making two claims: (1) a move to modify or vacate the July 19, 2004 arbitration opinion for arbitrator bias; and (2) Title VII claims against Kristen pursuant to the EEOC Charge.

On October 13, 2005, Kristen filed its 12(b)(6) motion to dismiss for failure to state a claim arguing that all causes of action against them in the complaint were time-barred. On November 10, 2005, AAA filed its 12(b)(6) motion to dismiss for failure to state a claim against them arguing that AAA was protected under the doctrine of arbitral immunity; AAA also sought attorney's fees. Plaintiff responded to each of the motions with an array of "applications" and "motions to object" in which he outlined his opposition. Restaino failed to join any of the existing motions, nor did he file any independent motions.

**DISCUSSION**

**A.    Standard for Dismissal Pursuant to Rule 12(b)(6)**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

The Court recognizes the long-standing practice of construing *pro-se* plaintiffs' pleadings liberally. *See, e.g. U.S. v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999). Moreover, when a motion to dismiss involves a *pro-se* plaintiff, the court must "find that it is clear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Zynn v. O'Donnell*, 688 F.2d at 941 (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

---

arbitration opinion does not appear to form any actual basis of Plaintiff's Charge.

**B.     Kristen's 12(b)(6) Motion to Dismiss for Failure to State a Claim is GRANTED**

Kristen moves to dismiss both Plaintiff's action to modify or vacate the July 19, 2004 arbitration award and his Title VII claims as untimely. The Court agrees that these claims are both time-barred and will address each in turn.

**(i) The Arbitration Claim**

Construing Plaintiff's *pro-se* complaint liberally, he appears to seek modification or vacatur of the July 19, 2004 arbitration award as biased under New Jersey and Federal arbitration law. Although Plaintiff attaches to his complaint relevant portions of the New Jersey Arbitration Act, (indeed he attaches the entire chapter) concerning modification or correction of arbitration awards, a review of his complaint and attachments support a reading that he also seeks judgment under the Federal Arbitration Act and Section 301(a) of the Labor Management Relations Act,[2] which provides an avenue to modify or vacate awards in arbitrations pursuant to a collective bargaining agreement. *See* N.J. Stat. Ann. 2A:24-1 et. seq. (2000 & Supp. 2005); 9 U.S.C.A. § 10 (1999 & Supp. 2005); 29 U.S.C.A § 185a (1998); *Newark Morning Ledger Co. v. Newark Typographical Union Local No. 103*, 797 F.2d 162, 165 (3d Cir. 1986).

Restaino's arbitration decision was issued on July 19, 2004 and the final response to Plaintiffs plea for reconsideration was provided on September 14, 2004. Plaintiff filed this suit on August 31, 2005. Both the New Jersey and Federal Arbitration acts provide three-month limitations periods within which to challenge an arbitration award. N.J. Stat. Ann. 2A:24-7 (2000 & Supp. 2005); 9 U.S.C.A. § 12 (1999). However, a six-month limitations period may have been applicable under Section 301 of the Labor Management Relations Act.[3] Even applying the later reconsideration response date of September 14, 2004, Plaintiff's complaint was filed almost a full year thereafter and well beyond any of these limitations periods. Therefore Plaintiff's attempt to modify or vacate the arbitration decision is completely time-barred and must be **dismissed**.

**(ii) The Title VII Claim**

In order to pursue a claim under Title VII, an employee must first file a Charge with the EEOC within 180 days of the violation; that period is extended to 300 days in states that, like New Jersey, are "deferral states," where their own divisions of civil rights might act upon the Charge. Second, he must file any suit with the district court within 90 days of receiving a letter from the EEOC informing him of his right to sue. If either of these time limits is violated, a suit is barred. *See* 42 U.S.C.A. 2000e-5 (2003); *Seredinski v. Clifton Precision Prods. Co.*, 776 F.2d 56, 61 (3d Cir. 1985); *Cortes v. Univ. of Med. and Dentistry of N.J.*, 391 F.Supp.2d 298, 310 (D.N.J. 2005).

In the case at bar, Plaintiff's EEOC Charge relates to incidents that occurred on January 22 and 23, 2004; however his EEOC Charge of Discrimination was filed on April 26, 2005, over fifteen

---

[2] Labor Management Relations Act of 1947, as amended, 29 U.S.C.A. § 185(a) (1998).

[3] *See generally DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151 (1983); *Eichleay Corp. v. Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers*, 944 F.2d 1047 (3d Cir. 1991); National Labor Relations Act § 10(b), as amended, 29 U.S.C.A § 160(b) (1998).

months after the incidents and more than five months too late.  Therefore, Plaintiffs Title VII claim is time-barred and must be **dismissed**.

### C. AAA's 12(b)(6) Motion to Dismiss for Failure to State a Claim is GRANTED

Notwithstanding that Plaintiff's claim to modify or vacate the July 19, 2004 arbitration decision is time-barred as explained above, Plaintiff's complaint as to AAA and arbitrator Restaino (and once again, Plaintiff's *pro-se* complaint does not provide a great deal of specificity as to these claims) is barred under the doctrine of arbitral immunity.  It is well settled law that "arbitrators are entitled to immunity analogous to judicial immunity." *Sutton v. New Century Fin. Servs.*, No. Civ. 05-3125(DRD), 2005 WL 2247834 at *4 (D.N.J. September 15, 2005); *see also generally Cahn v. Int'l Ladies Garment Union*, 311 F.2d 113 (3d Cir. 1962).  Moreover, arbitral immunity "extends beyond arbitrators themselves to organizations that sponsor arbitrations." *Olson v. Nat'l Ass'n of Secs. Dealers*, 85 F.3d 381, 382 (8th Cir. 1996); *accord Austern*, 898 F.2d at 886-87.  Therefore, AAA and Restaino are protected under the doctrine of arbitral immunity and Plaintiff's claims as to them must be **dismissed**.[4]

### D. AAA's Request for Attorney's Fees

AAA asks that the Court award it attorney's fees pursuant to Section 2A:23B-14(e) of New Jersey's version of the Uniform Arbitration Act which instructs that the Court "shall award to the arbitrator, arbitration organization or representative reasonable attorney's fees and other reasonable expenses of litigation" if a court holds that such persons are immune from civil liability in a case filed against them arising from their arbitration services. N.J. Stat. Ann. 2A:23B-14(e) (Supp. 2005). However, this section does not apply to arbitrations between an employer and a union pursuant to a CBA.  N.J. Stat. Ann. 2A:23B-3 (Supp. 2005); *see also* N.J. Stat. Ann. 2A:24-1.1 (Supp. 2005) (reserving N.J.S.2A:24-1 through N.J.S.2A:24-11 to arbitrations arising from a CBA).  Therefore, Section 2A:23B-14(e) does not apply to the case at bar and AAA's request for fees is **denied**.

**CONCLUSION**

In summary, Plaintiff's claims as to modification or vacatur of the July 19, 2004 arbitration Opinion and Award are time-barred.  Plaintiff's Title VII claims are likewise time-barred.  In addition to the time-bar, Defendants American Arbitration Association and Gerard Restaino are protected by arbitral immunity.  Finally, Defendant American Arbitration Association's request for attorney's fees is improper.  Accordingly, Defendant Kristen's motion to dismiss is **GRANTED** and Defendant AAA's motion to dismiss and for attorney's fees is **GRANTED** as to dismissal and

---

[4] Although Restaino did not join in either of the motions to dismiss, "it is well established that, even if a party does not make a formal motion to dismiss, the court may, *sua sponte*, dismiss the complaint where the inadequacy of the complaint is clear." *Michaels v. New Jersey*, 955 F.Supp. 315, 331 (D.N.J. 1996); *see also Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980).

5

**DENIED** as to attorney's fees. Correspondingly, Plaintiff's complaint is **DISMISSED** in its entirety as to all defendants.

An appropriate Order accompanies this Letter Opinion.

**s/William J. Martini**

_____
**William J. Martini, U.S.D.J.**